UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CR 24-10164-PBS |
| Stephen J. Lemelin, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

I.  INTRODUCTION

Defendant Stephen Lemelin submits this Sentencing Memorandum outlining the factors this Honorable Court should consider in determining the appropriate sentence, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

After a three-day jury trial from December 1-3, 2025, Mr. Lemelin was convicted of three (3) counts of Attempted Transfer of Obscene Material to Minors, in violation of 18 U.S.C. §1470. In this case, there was no actual minor involved but an undercover FBI agent posing as a minor. At trial, Mr. Lemelin testified in his own defense.

With respect to the proposed offense level calculations by the Probation Department and the Government, Mr. Lemelin objects to the seven-point increase pursuant to § 2G3.1(b)(E) and asks this Court not to impose any enhancement under § 2G3.1(b).[1] Mr. Lemelin also objects to the Probation Department and Government's calculation of a two-level enhancement for obstruction of justice (USSG § 3C1.1 and Application Notes 4(B) and (F)). Lastly, Mr. Lemelin asks this Court to apply a two-point reduction for zero-point offenders under USSG § 4C1.1.

---

[1] If the Court is inclined to apply an increase pursuant to 2G3.1(b), Mr. Lemelin suggests a five-point increase under s. 2G3.1(b)(C) is more appropriate.

II.  OFFENSES CHARGED & SURROUNDING CIRCUMSTANCES

Mr. Lemelin was charged and convicted of three counts of Attempted Transfer of Obscene Material to Minors, in violation of 18 U.S.C. §1470. Over the course of 5-6 months, Mr. Lemelin engaged in online communications via the KIK application with an undercover law enforcement officer posing as a 14-year-old female. The Defendant sent three images of his penis to the undercover law enforcement officer via KIK.

III.  THE DEFENDANT: STEPHEN LEMELIN

Stephen Lemelin is a 51-year-old male who was born on April 3, 1974, in Medford, MA. Growing up, Mr. Lemelin had a good relationship with his mother, Joan Lemelin, and father, Albert Lemelin, and two brothers, Patrick and Luke. After graduating from Belmont High School in 1992, Stephen attended the University of Massachusetts-Lowell, where he majored in English and earned his bachelor's degree in 1997.

Currently, Mr. Lemelin lives in Burlington, MA with his wife, Kelly, who he married in 2009, and their 11-year-old son. Stephen's wife, Kelly, who had a successful career in pharmaceutical sales, has been unable to work since 2021 after being diagnosed with myalgic encephalomyelitis / chronic fatigue syndrome (ME/CFS). Additionally, Kelly is being treated for Ehlers-Danlos syndrome (EDS) and prescribed Adderall for ADHD. Furthermore, Stephen and Kelly's 11-year-old son is prescribed Concerta for his ADHD diagnosis and has a behavior-based individualized educational program (IEP) while meeting with a school-based counselor weekly.

Stephen, who had a long career in sales, was laid off in 2018 and has not worked full-time since. As a result of his unemployment and his wife's health issues, the Lemelin's find themselves in a dire financial situation. Currently, the family's sole source of income is Kelly's social security disability benefit, which is approximately $3,500.00 per month. However, Stephen and Kelly have

an outstanding mortgage of nearly $345k and outstanding home equity loan approximating $117k, in addition to nearly $40k in credit card debt. Due to their financial situation, Kelly has withdrawn her 401k and is considering filing for bankruptcy.

IV. <u>APPROPRIATENESS OF THE SENTENCE</u>

Based on Mr. Lemelin's lack of criminal history and more pointedly, his family situation, a term of probation of five (5) years appropriately reflects the severity of the offenses while promoting respect for the law, future deterrence, and public safety. However, should the Court find that a term of incarceration is necessary and appropriate, a term of incarceration not to exceed 12 months should be sufficient to promote respect for the law, future deterrence, and public safety.

In support, I have included five (redacted) letters on behalf of Mr. Lemelin for the Court's consideration.

V. <u>CONCLUSION</u>

Mr. Lemelin prays this Honorable Court deviates from the Federal Sentencing Guidelines and imposes a five-year term of probation in lieu of incarceration, with any conditions of probation deemed necessary.

Respectfully submitted,

The Defendant,
Stephen Lemelin,
By his attorney,

Date:  March 20, 2026

*/s/ Anthony R. Riccio*
Anthony R. Riccio, Esq.
Riccio Law, LLC
1147 Hancock St. # 212
Quincy, MA 02169
(617) 404-8878
arriccio@anthonyricciolaw.com
BBO # 681871

## CERTIFICATE OF SERVICE

I, Anthony R. Riccio, certify that a true copy of the foregoing filed through the ECF system was sent electronically to AUSA's David Tobin and Eric Hawkins on March 20, 2026.

*/s/ Anthony R. Riccio*
Anthony R. Riccio